UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 APR 25 PM 12:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

LISA ECTOR, et al., )
    Plaintiffs, )
vs. ) CV03-S-512-S
FAIRFIELD CITY BOARD OF )
EDUCATION, )
    Defendant.

ENTERED
APR 25 2003
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

### MEMORANDUM OPINION REGARDING PLAINTIFFS' PUTATIVE CLASS CLAIMS UNDER THE FAIR LABOR STANDARD ACT CLAIMS OF 1938

    Class action lawsuits are generally conducted in accordance with Rule 23 of the Federal Rules of Civil Procedure. In contrast, class actions under the Fair Labor Standards Act of 1938 ("FLSA") proceed according to the standards contained in section 16(b) of that act, which provides, in relevant part:

> An action to recover the liability ... may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. <u>No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.</u>

29 U.S.C. § 216(b) (emphasis supplied). Thus, plaintiffs wishing to join in an FLSA class action must affirmatively "opt in." On the other hand, once a class is certified according to Rule 23, all class members are bound by the court's decision unless they affirmatively "opt out." Because of this fundamental difference, courts have found the requirements of Rule 23 and those of § 216(b) are "irreconcilable." See *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975), *Garner v. G.D. Searle Pharmaceuticals & Company*, 802 F. Supp. 418, 421 (M.D. Ala. 1991).

11

Unlike Rule 23, section 216(b) provides little guidance as to how such collective actions should be conducted. Section 216(b) neither requires parties to obtain judicial oversight before seeking to locate "similarly situated" individuals, nor forbids them from seeking such judicial involvement. It is well settled that district courts possess the power to facilitate such notice to potential plaintiffs. *See, e.g., Hoffmann-La Roche Inc., v. Sperling*, 493 U.S. 165, 169, 110 S.Ct. 482, 486, 107 L.Ed.2d 480 (1989). Furthermore, once an FLSA action is filed, "the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.* at 170-71, 110 S.Ct. at 486. Moreover, "[t]he interest of courts in managing collective actions in an orderly fashion is reinforced by Rule 16(b), requiring entry of a scheduling order limiting time for various pretrial steps...." *Id.* at 173, 110 S.Ct. at 487.

The Eleventh Circuit addressed the proper class certification procedure for FLSA collective actions in *Dybach v. State of Florida Department of Corrections*, 942 F.2d 1562 (11th Cir. 1991):

> [T]he district court is deemed to have the power to give such notice to other potential members of the plaintiff class to "opt-in" if they so desire and by the district court's exercise of that power under appropriate conditions. Before determining to exercise such power on application by Dybach upon remand of this case, the district court should satisfy itself that there are other employees of the department-employer who desire to "opt-in" and who are "similarly situated" with respect to their job requirements and with regard to their pay provisions. <u>If the district concludes that there are such other employees, we leave it to the district court to establish the specific procedures to be followed with respect to such possible "opting-in."</u>

*Id.* at 1567-68 (emphasis supplied). The Eleventh Circuit later held that a requirement for plaintiffs to demonstrate that other persons are "similarly situated" is not burdensome. "Plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Grayson v. K- Mart Corporation*, 79 F.3d 1086, 1096 (11th Cir. 1996) (internal quotations omitted).

District courts within the Eleventh Circuit accordingly have utilized a two stage process to

"certify" § 216(b) class actions. *See Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 361 (M.D. Ala. 1999); *Brooks v. BellSouth Telecommunications, Inc.,* 164 F.R.D. 561, 565 (N.D. Ala. 1995); *Garner v. G.D. Searle Pharmaceuticals & Company,* 802 F. Supp. 418, 422 (M.D. Ala. 1991).

First, during the "notice stage," the court examines the pleadings and affidavits, and makes a preliminary determination of whether other individuals are "similarly situated." Then, the court conditionally certifies the class, and putative class members are given notice and the opportunity to "opt-in." At such time, the court clearly may permit discovery of the names and addresses of other potential plaintiffs. *See Hoffmann-LaRoche,* 493 U.S. 170, 110 S.Ct. 486. However, at least one court refused to permit such discovery, after determining that the plaintiff failed to make the initial showing that other persons were "similarly situated." *Brooks,* 164 F.R.D. at 569. One court allowed plaintiffs to seek from defendant information regarding prior civil, criminal, or regulatory actions involving overtime compensation. *Tucker v. Labor Leasing, Inc.,* 155 F.R.D. 687, 688 (M.D. Fla. 1994). That court also allowed limited discovery of the names and addresses of current employees of the defendant who were not exempt under the FMLA, and the names and addresses of employees of the defendant who were due overtime compensation but did not receive it. *Id.* at 689. At least one court has allowed discovery on the merits of the action following the preliminary determination. *See Kaas v. Pratt & Whitmen,* 1991 WL 158943 (S.D. Fla. 1991). The court may also set a cut-off date for receipt of written consent from individuals desiring to join in the action. *Hoffman-LaRoche,* 493 U.S. at 172, 110 S.Ct. at 487.

After the first phase, the defendant may move the court to "decertify" the class. The court then makes a factual determination of whether the claimants are "similarly situated." *See, e.g., Brooks,* 164 F.R.D. at 566. If the court finds they are, the action proceeds to trial as a collective action. *Id.* If not, the court "decertifies" the class, and the "opt in" plaintiffs are dismissed from the action without prejudice, or the case is severed into separate lawsuits. *Id.*

A scheduling order regarding plaintiffs' putative class claims under FLSA will be entered simultaneously herewith.

DONE this  25th day of April, 2003.

*[signature]*
United States District Judge

4